UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE MALDONADO-MALDONADO, | * |
| | * |
| Plaintiff, | * |
| | * Civil Action No. 22-40040-KAR |
| | * |
| v. | * |
| | * |
| | * |
| F.M.C. DEVENS, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER

August 1, 2022

ROBERTSON, U.S.M.J.

I.  INTRODUCTION

On April 7, 2022, Plaintiff Jose Maldonado-Maldonado ("Maldonado"), a federal prison in custody at FMC Devens, filed his self-prepared complaint. (Dkt. No. 1, Compl.). With the complaint, Maldonado filed an Application to Proceed Without Prepayment of Fees and Affidavit. (Dkt. No. 2). This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. (Dkt. No. 3).

The case caption of plaintiff's *pro se* complaint, as well as the attachment sheet, (Dkt. No. 1, p. 3), identifies the sole defendant as F.M.C. Devens. (Dkt. No. 1). Maldonado alleges that he has not received "proper [m]edical treatment for [his] medical needs." *Id.* at p. 3. He contends that three times he was told that he "need[s] to see [his] Provider to get a wheelchair and they [would] put in a consult for [Maldonado] to get one." *Id.* Maldonado states that he has "not been seen by anyone in the P/T Dept." *Id.* He seeks a remedy that would provide "relief of the pain and suffering that [he is]

experiencing at this time, and to get a WHEELCHAIR so [that he] can get around this Facility with out any pain." *Id.* The complaint is accompanied by several pages of exhibits that primarily concern Maldonado's efforts to obtain medical treatment for hip and knee pain. *Id.* In a February 8, 2022 response to Maldonado's request for an administrative remedy, Maldonado was advised, among other things, that his consult with an orthopedic surgeon "is awaiting appointment availability." (Dkt. No. 1-1, p. 3). In response to Maldonado's March 23, 2022 Inmate Request to Staff, a staff member stated that he "notified PT to return [Maldonado's] wheelchair [and Maldonado's] consult for ortho surgery has been placed." (Dkt. No. 1-1, p. 2). Maldonado references suspected "discrimination, see Dkt. No. 1-1, p 4) and retaliation for filing an administrative remedy (Dkt. No. 1-1, at p. 9).

II. DISCUSSION

a. The motion for leave to proceed *in forma pauperis*

Maldonado's request to proceed *in forma pauperis* is incomplete. As an initial matter, he filed only the first page of the two-page Application to Proceed Without Prepayment of Fees and Affidavit. He failed to sign and date the Application. Additionally, he failed to file a copy of his prison account statement.

Where, as here, Maldonado is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[1]

---

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $350.00 filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee.

If Maldonado wishes to proceed with this action, he will be granted additional time to file a new motion accompanied by a certified copy of his prison account statement.

b. The complaint is subject to screening

Although the filing fee is not resolved, the court will proceed to a preliminary review of the complaint. Under 28 U.S.C. § 1915A, the court is required to screen prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity. 28 U.S.C. § 1915A(a). The court is required to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). In conducting this review, the court liberally construes the complaint because Maldonado is self-represented. *See Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)).

Here, Maldonado has not alleged a basis for this court's jurisdiction and, accordingly, the complaint is subject to dismissal without prejudice. The primary defect is that the complaint fails to identify a cause of action or legal basis for Maldonado's claims.

To the extent the complaint is brought pursuant to the Federal Tort Claims Act ("FTCA"), a plaintiff may not institute a claim under the FTCA in a federal district court until (1) the plaintiff has filed an administrative claim with the appropriate federal agency; and (2) the agency finally denies the administrative claim or six months pass without a final denial of the administrative claim--whichever comes first. 28 U.S.C. § 2675(a). This administrative remedy exhaustion requirement is jurisdictional, *see Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 38 (1st Cir. 2006); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."), and Maldonado does not indicate that he has

fulfilled this prerequisite.

To the extent that Maldonado brings a claim for violation of the United States Constitution, the Supreme Court has inferred a narrow cause of action for claims against federal officers. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The *Bivens* doctrine provides a plaintiff with a cause of action for damages against federal officers in their individual capacities for actions taken under color of federal law. *DeMayo v. Nugent*, 517 F.3d 11, 14 (1st Cir. 2008). Here, an individual officer or employee is not named as a defendant and there are no allegations that an individual was deliberately indifferent to plaintiff's serious medical need. "The Supreme Court has recognized that deliberate indifference on the part of prison staff to the serious medical needs of an inmate can constitute cruel and unusual punishment under the [E]ighth [A]mendment." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)); *Carlson v. Green*, 446 U.S. 14 (1980) (*Bivens* action involving Eighth Amendment violation related to a prison officials' denial of medical care). Here, the complaint does not tie any particular allegation to any individual officer or employee.

In light of the foregoing, Maldonado will be granted 42 days to file an amended complaint. As an amended complaint completely replaces the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), he should repeat in any amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint.

c.  <u>Filing of a Status Report</u>

The court takes very seriously Maldonado's description of his lack of access to an appointment for evaluation by an orthopedic surgeon and his medical treatment while awaiting such consultation. Accordingly, the clerk will be directed to send a copy of this Memorandum and Order to the Warden at FMC Devens and legal counsel at FMC Devens, with a request that counsel provide this court with a

Status Report with respect to appointment availability and treatment of Maldonado's medical condition while awaiting an orthopedic consultation, as soon as reasonably practicable and, in any event, within fourteen (14) days of this Memorandum and Order.[2]

### III. Conclusion

For the reasons set forth above, it is hereby

ORDERED, within 42 days of this Memorandum and Order, Plaintiff shall (1) file an Amended Complaint that cures the pleading deficiencies noted above and (2) either shall (i) pay the $402.00 filing and administrative fees; or (ii) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement showing account activity for the six months preceding the filing of this lawsuit (the lawsuit was filed on April 7, 2022). Failure to comply with these directives may result in dismissal of this action. Upon receipt of plaintiff's response to this Memorandum and Order, the undersigned will either direct the clerk to issue summons or direct the reassignment of the case to a District Judge for further review of Maldonado's response; and it is further

ORDERED, the clerk shall send a copy of this Memorandum and Order to the Warden at FMC Devens and legal counsel at the Consolidated Legal Center for FMC Devens, with the directive that a Status Report is requested to be filed within fourteen (14) days of the date of this Memorandum and Order; and it is further

ORDERED, the clerk shall provide Maldonado with the standard Application to Proceed in District Court Without Prepaying Fees or Costs and a blank prisoner complaint form. The clerk shall

---

[2] Defendant is not required to disclose confidential medical information about Maldonado absent his permission to do so, and any disclosures which are made shall be made under seal.

send a copy of this Order to the Treasurer's Office at FMC Devens in order to facilitate any request by Maldonado for a copy of his certified prison account statement[3]; and it is further

ORDERED, a summons shall not issue absent further order of the court.

KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: August 1, 2022

---

[3] The court requests that the Treasurer's Office include in any prison account statement Maldonado's average monthly deposits for the six-month period preceding the date the complaint was filed (April 7, 2022), as well as the average monthly balance for that same period.

6